UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case number 4:17mc00443 PLC |
| | ) | |
| ONE HUNDRED THIRTY-NINE THOUSAND, FIVE HUNDRED and EIGHTY DOLLARS ($139,580.00) U.S. CURRENCY, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Claimants Johnny Khamphengphet and Dent Crew International, Inc.[1] move the Court to reconsider the Order extending the time for filing a complaint for forfeiture and, upon reconsideration, to order the immediate return of the property to Claimants ("Claimants' motion") [ECF No. 4]. The Government opposes Claimants' motion [ECF No. 5], and Claimants filed a reply in support of their motion [ECF No. 6].

### I.    Background

On July 19, 2017, the Government initiated this proceeding by filing a motion to extend time to file a civil complaint for forfeiture ("Government's motion") [ECF No. 1]. The Government asked the Court to extend until November 5, 2017, the deadline for the filing of either a complaint for forfeiture or criminal charges related to United States currency seized on February 6, 2017.

---

[1] For purposes of resolving the motion to reconsider, which is filed by Johnny Khamphengphet and Dent Crew International, Inc. ("DCI"), the Court assumes *arguendo* that both Mr. Khamphengphet and DCI are Claimants without resolving any issues regarding whether DCI is properly considered a claimant and the sufficiency of the Claimants' administrative claims to the seized currency.

A review of the Government's motion reveals that this action arises out of investigators' seizure of $139,580.00 from Mr. Khamphengphet on February 6, 2017.[2] On May 8, 2017, Claimants filed an administrative claim to the property with the Drug Enforcement Administration, and no one else filed an administrative claim to the seized currency.[3] To maintain possession of the seized property, the Government had to file either a civil complaint for forfeiture or criminal charges within ninety days after May 8, 2017, or by Monday, August 7, 2017.[4]

As the Government stated in its initial motion, 18 U.S.C. Section 983(a)(3)(A) allows a court in the district where a civil forfeiture complaint will be filed to extend the period for filing a complaint by agreement of the parties or "for good cause shown."[5] The Government argued that the "requested extension is in the interest of justice insofar as it avoids the need for duplicative actions and thereby conserves judicial and other governmental resources."[6] More specifically, the Government asserted (1) it had "an ongoing criminal investigation regarding the conduct giving rise to the forfeiture of the property," and (2), if a civil complaint was filed, "any discovery in [the] civil case would impede the Government's ability to conduct its ongoing criminal investigation and would also create a burden on the claimant's right against self-incrimination."[7] Additionally, the Government contended that, if the currency was returned to "the claimant[,] there would be no assurance that the property would be available as evidence in

---

[2] Pl.'s mot. para. 1 [ECF No. 1].

[3] Pl.'s mot. para. 4.

[4] Pl.'s mot. paras. 5-7, citing 18 U.S.C. §§ 983(a)(3)(A) and 983(a)(3)(B).

[5] Pl.'s mot. para. 5, quoting 18 U.S.C. § 983(a)(3)(A).

[6] Pl.'s mot. para. 9.

[7] Pl.'s mot. para. 8.

any subsequent court proceedings."[8]  The Court granted the Government's motion upon concluding good cause existed due an "ongoing criminal investigation, the potential unavailability of the property in future forfeiture proceedings, and the avoidance of duplicative actions."[9]

Claimants argue the Court should reconsider its Order on the grounds that: (1) Claimants did not have an opportunity to be heard before the Court extended the statutory deadline for filing a civil forfeiture action;[10] (2) an ongoing criminal investigation cannot support a finding of "good cause" for an extension of the filing deadline;[11] (3) the Government did not demonstrate "good cause" for the extension;[12] and (4) the Government failed to comply strictly with statutory notice requirements.[13]  In support of their motion, Claimants cite <u>United States v. Real Props. Located at 7215 Longboat Drive (Lot 24)</u>, 750 F.3d 968 (8th Cir. 2014), for the propositions that forfeitures are not favored and "forfeiture statutes are strictly construed against the government." <u>Id.</u> at 974.

The Government opposes Claimants' motion on the grounds: (1) no notice to Claimants is required for an extension of the filing deadline, (2) an ongoing criminal investigation exists, (3) good cause is established, (4) notice of the seizure was timely and proper, and (5) returning the currency to Claimants is contrary to law.

## II. Standard

---

[8] Pl.'s mot. para. 8.

[9] Order Extending Time for Filing Complaint for Forfeiture, filed July 19, 2017 [ECF No. 2].

[10] Claimants' mot. at 3.

[11] Claimants' mot. at 3-4.

[12] Claimants' mot. at 3.

[13] Claimants' mot. at 5-6.

A district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." K.C. 1986 Ltd. P'ship v. Reade Mfg., 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted). A district court's decision resolving a motion to reconsider before entry of judgment is subject to review for abuse of discretion. See, e.g., Julianello v. K-V Pharm. Co., 791 F.3d 915, 922-23 and 923 n. 3 (8th Cir. 2015) (reviewing a district court's denial of a motion to reconsider the scope of a pre-judgment order allowing amendment of a complaint). While a motion to reconsider usually cannot be used to present evidence or arguments that could have been presented while the underlying motion was pending, see, e.g., id. at 923, the Court finds it proper to consider each of Claimants' arguments here because Claimants did not have the opportunity to present any of those arguments when the Government's motion was pending.

### III. Discussion

A. Ex parte consideration of Government's motion

Claimants argue the Court should reconsider the order granting the extension because Claimants did not have an opportunity to respond to the Government's motion before the Court granted it. The Government counters that Claimants are not entitled to notice of the motion for extension, citing United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, Calif., 545 F.3d 1134, 1141-44 (9th Cir. 2008) ("475 Martin Lane").[14]

In 475 Martin Lane, the United States Court of Appeals for the Ninth Circuit observed that 18 U.S.C. Section 983(a)(3)(A) "neither expressly permits nor prohibits *ex parte* extensions

---

[14] The Government also cited United States v. Funds in the Amount of Fifteen Thousand Dollars, No. 05 C 3572, 2006 WL 1049663, *2 (N.D. Il. 2006). In that case, the district court denied a claimant's motion to unseal the Government's three *ex parte* motions for more time to file a civil forfeiture proceeding. Id. The Government responded that, under Federal Rule of Criminal Procedure 6(e), the three motions should not be unsealed because they were made in connection with a grand jury investigation. Id. The court concluded the "motions were justly filed *ex parte* and under seal" due to "the secret nature of grand jury proceedings." Id. Because it is not clear that the Government's motion here is related to grand jury proceedings, the Court need not further discuss Funds in the Amount of Fifteen Thousand Dollars, supra.

of time." Id. at 1141; accord United States v. One Hundred Forty Thousand Dollars in United States Currency, No. 06-CV-3247 (NG) (RLM), 2007 WL 2261650, at *5 (E.D. N.Y. Aug. 2, 2007) ("One Hundred Forty Thousand Dollars") ("The section does not expressly authorize the court to extend the filing deadline in response to an *ex parte* application by the government. Nor does it expressly impose a notice requirement on the party applying for the extension"). The Ninth Circuit compared the language in Section 983(a)(3)(A) with the language in other provisions of the Civil Asset Forfeiture Reform Act ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000), addressing a government application for judicial relief before a lawsuit is filed: 18 U.S.C. Section 983(a)(1)(C) and 18 U.S.C. Section 983(j)(1)(B). 475 Martin Lane, 545 F.3d at 1141-43; accord One Hundred Forty Thousand Dollars, 2007 WL 2261650, at *6. After analyzing use of the term "*ex parte*" in four other parts of CAFRA, the Ninth Circuit concluded "the structure and purpose of the statute" authorized "a district court [to] issue extensions of time in which to file a complaint based on an *ex parte* government application." Id. at 1143, see also id. at 1141, 1144. More specifically, the Ninth Circuit explained:

> There is nothing in the statute that prohibits the practice, and to hold otherwise would thwart one of the objects of the statute by forcing the government to reveal when an investigation that led to an initial seizure of property is ongoing and has a broader scope than might be apparent from the initial seizure. The inclusion of restrictions on *ex parte* applications in other sections and the absence of any such restriction in the portion of the statute under consideration here buttress our conclusion.

Id. at 1143. Accord One Hundred Forty Thousand Dollars, 2007 WL 2261650, at *7 (the Government's *ex parte* motion did not violate 18 U.S.C. § 983 because the Government did not seek a restraint on the seized property and therefore "was under no obligation to provide notice of its application for an extension of the filing deadline").

This Court agrees with the Ninth Circuit's reasoning and concludes the Court may properly resolve a motion for an extension of time to file a civil forfeiture complaint *ex parte*. Therefore, the Court rejects Claimants' argument that the Court should reconsider the Order because Claimants lacked an opportunity to present their position before the Court resolved the Government's motion.[15]

B. <u>Ongoing criminal investigation as a statutory basis for good cause</u>

Claimants contend that an ongoing criminal investigation is not sufficient to establish "good cause" for an extension of the filing deadline under 18 U.S.C. Section 983(a)(3)(A) because an ongoing criminal investigation is a basis for a stay of a pending civil forfeiture proceeding under 18 U.S.C. Section 981(g). Thus, Claimants urge, the Court should reconsider the Order because an ongoing criminal investigation cannot support two different statutory remedies: a stay of a pending civil forfeiture action and an extension of the deadline for filing a civil forfeiture action. The Government counters that an ongoing criminal investigation may support a stay of a pending civil forfeiture proceeding as well as serve as good cause for an extension of the filing of a civil forfeiture proceeding, citing <u>One Hundred Forty Thousand Dollars</u>, 2007 WL 2261650, at *8-9.

In <u>One Hundred Forty Thousand Dollars</u>, the United States District Court for the Eastern District of New York rejected an argument identical to Claimants' argument. <u>Id.</u> The court analyzed other CAFRA provisions and concluded: "when Congress intended to limit or guide courts' discretion in rendering rulings under section 983, it inserted specific standards in the statutory language." <u>Id.</u> at 9. Observing that Section 981(g) contained "a specific standard for

---

[15] Claimants also argue that the Government's motion was not actually presented *ex parte* because the Government sent the motion to Claimants. However, there is no dispute that the Government obtained disposition of its motion without consideration of Claimants' position(s) on the motion.

the guidance of judicial discretion" while Section 983(a)(3)(A) contained "unconditional language," the court stated it was "not persuaded that, having provided one form of protection for a criminal investigation in section 981, Congress intended to remove that as a consideration in section 983(a)(3)(A)." Id. The Court finds the reasoning of the Eastern District of New York persuasive and concludes that the lack of express statutory language does not preclude an ongoing criminal investigation as a basis for good cause for an extension of the filing deadline under Section 983(a)(3)(A).

C. Existence of an ongoing criminal investigation

Claimants assert the Government failed to demonstrate "good cause" for the extension because the Government did not establish "an ongoing criminal investigation" through "an evidentiary foundation." The Government denies that it misrepresented the existence of "an ongoing investigation."

Claimants' position that there was no ongoing criminal investigation at the time of the Government's extension request is based on an email the Government's attorney sent in response to an August 2017 email inquiry by Claimants' attorney.[16] In his email, Claimants' counsel stated his understanding, "[b]ased on prior communications," that "this is a purely civil forfeiture matter and that Mr. Khamphengphet is not under criminal investigation. Can you please advise as to whether this is accurate?"[17] The Government counsel responded in relevant part that: "It

---

[16] See hardcopy of counsel's email exchange on Aug. 10, 2017, attached to Gov't's response to Cls.' Mot. [ECF No. 5-4].

[17] See hardcopy of counsel's email exchange on Aug. 10, 2017, attached to Gov't's response to Cls.' Mot. [ECF No. 5-4].

does not appear that a criminal file has yet been opened. However, the report and associated materials suggest it would be a good ITAR case."[18]

Claimants argue that the Government's e-mail response establishes that no criminal investigation existed at the time of the extension request. The exchange between the parties' attorneys, however, occurred in early August 2017. It is not clear to the Court that the August exchange between counsel reveals the status of any investigation occurring at the time the Government filed its motion in July 2017. Furthermore, the wording of the Government's response to the inquiry implies criminal charges may be forthcoming and at the very least certainly does not foreclose the existence of a criminal investigation.

To the extent Claimants argue the Government must provide an "evidentiary foundation" for its representation that there is an ongoing criminal investigation, Claimants do not cite any statutory or case law authority for their position. Without more, the Court is not convinced that an "evidentiary foundation" is a prerequisite to a good cause determination sufficient to extend the time to file a civil forfeiture complaint.

D. Compliance with Notice Requirements

Claimants also argue the Government did not comply with statutory notice requirements regarding seizure of the currency. While characterizing Claimants' argument as "not appropriate in this context,"[19] the Government counters that Claimants had timely notice of the seizure.

Challenges to the Government's notice of a property seizure may be pursued during the course of a civil forfeiture proceeding. See, e.g., United States v. $63,530.00 in United States Currency, No. 8:12CV201, 2013 WL 1963375 (D. Neb. 2013) (district court denied claimant's

---

[18] See hardcopy of counsel's email exchange on Aug. 10, 2017, attached to Gov't's response to Cls.' Mot. [ECF No. 5-4].

[19] Gov't's Response to Claimants' mot. at 7 [ECF No. 5].

motion to dismiss civil forfeiture proceeding in which claimant urged he did not receive timely notice of the seizure of the currency), denial of dismissal aff'd, 781 F.3d 949, 954-55 (8th Cir. 2015). Therefore, the Court need not further address Claimants' motion to the extent it is based on Claimants' challenge to the Government's notice of seizure.

Having found Claimants' arguments for reconsideration unavailing, the Court declines to consider either Claimants' request for return of the seized currency or the Government's argument that return of the property to Claimants at this time is contrary to law. After careful consideration,

**IT IS HEREBY ORDERED** that Claimants' motion to reconsider [ECF No. 4] is **DENIED**.

*Patricia L. Cohen* _____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of September, 2017